**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **LATOYA OWENS,** § § § **Civil Action No.:** § Plaintiff, § § **v.** § § **TRANSWORLD SYSTEMS, INC.,** § **JURY TRIAL DEMANDED** § Defendant. § § § | |

## COMPLAINT

LATOYA OWENS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Roanoke, Texas 76262.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with headquarters located at 500 Virginia Drive, Suite 514, Fort Washington, Pennsylvania 19034.

9. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6); and, Defendant attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Debt collection is the principal purpose of the Defendant's business.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Beginning in or around June or July 2015 and continuing through August 2017, Defendant placed repeated telephone calls to Plaintiff's cellular telephone.

14. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or a pre-recorded voice.

15. Plaintiff knew Defendant's calls were automated as she would be regularly greeted by a recording or pre-recorded voice upon answering calls.

16. Defendant's calls were not for emergency purposes.

17. In an attempt to stop Defendant's unrelenting collection calls, Plaintiff spoke to Defendant in or around May or June 2016 and instructed Defendant to stop calling her cellular telephone.

18. Once Defendant was aware that its calls were unwanted any further calls could only have been for the purpose of harassing Plaintiff.

19. However, Defendant continued to call Plaintiff.

20. Plaintiff reiterated her request for calls to cease to her cellular telephone in or around February 2017, but the calls continued.

21. Defendant's calls were particularly frustrating to Plaintiff as they disrupted her while at work.

22. Defendant also threatened to file a lawsuit against Plaintiff in 2017 if the alleged debt was not paid.

23. Upon information and belief, Defendant did not intend to file a lawsuit against Plaintiff.

24. Frustrated and overwhelmed by Defendant's excessive calls, Plaintiff ultimately had to download a call blocking application to her cellular telephone to stop Defendant from calling her.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA**

25. A debt collector violates § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt

26. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

27. Defendant violated §§ 1692d and 1692d(5), when it placed repeated harassing telephone calls to Plaintiff between September 2016 and August 2017, knowing its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED §§1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

28. Section 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

29. Section 1692e(10) prohibits a debt collector from using of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Section 1692e(5) prohibits a debt collector from threatening to take action that cannot legally be taken or is not intended to be taken.

31. Defendant violated §§1692e, 1692e(5), and 1692e(10) of the FDCPA by falsely stating to Plaintiff in 2017 that they would file a lawsuit against her if the debt was not paid when it lacked the intent to take such action and did not take such action.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

34. Defendant's calls to Plaintiff were not made for emergency purposes, as they were attempting to collect a balance remaining on Plaintiff's account.

35. Defendant's calls to Plaintiff on and after May or June 2016 were not made with Plaintiff's prior express consent.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, LATOYA OWENS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LATOYA OWENS, demands a jury trial in this case.

Respectfully submitted,

Dated: September 22, 2017    */s/ Amy L. Bennecoff Ginsburg*
    Amy L. Bennecoff Ginsburg
    Kimmel & Silverman, P.C.
    30 East Butler Pike
    Ambler, Pennsylvania 19002
    Phone: (215) 540-8888
    Facsimile: (877) 788-2864
    Email: aginsburg@creditlaw.com